**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 06-266 |
| | : |
| | : Sentencing: December 18, 2006 |
| ERICA JANIFER, | : |
| | : |
| Defendant. | : |
| _____ | : |

**UNITED STATES' MOTION FOR**
**TWO POINT REDUCTION FOR ACCEPTANCE**
**OF RESPONSIBILITY**
**AND MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Two-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing. In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A. Factual Summary of Offense

1. Defendant, Erica Janifer, was employed as a Customer Relations Manager by Wachovia Bank, a national association under United States law, in Washington, D.C. Odessa Cropper was a customer of Wachovia Bank between June of 2003 and August of 2003. Ms. Cropper was the owner of several accounts at the bank.

2. From on or about June of 2003 through on or about August of 2003, Ms. Cropper routinely went to the Wachovia Bank branch where the defendant, Erica Janifer, worked. When Ms. Cropper entered the bank, she would sit at the defendant's desk and conduct various financial

transactions with the assistance of the defendant. Unbeknownst to Ms. Cropper, the defendant, began a scheme to steal from Wachovia by withdrawing funds from Ms. Cropper's accounts through the use of unauthorized debit memoranda and electronic transfers.

3. The defendant would effectuate these fraudulent transactions by processing the paperwork at a teller's window as Ms. Cropper sat at the defendant's desk. The defendant would transfer money from one of Ms. Cropper's accounts to an account owned or otherwise controlled by the defendant. The defendant would then return to where Ms. Cropper was sitting and provide to Ms. Cropper with that portion of the money which Ms. Cropper had authorized to be withdrawn from her accounts. The amount of money fraudulently taken from Ms. Cropper's accounts by the defendant between June of 2003 and August of 2003 was $28,440.

4. In August of 2003, following the death of Ms. Cropper, the bank discovered the scheme and sustained a loss as a result of the defendant's conduct. On October 23, 2003, the defendant gave a written confession to agents with the United States Secret Service and the Federal Bureau of Investigation wherein she admitted in engaging the above-mentioned scheme.

B. Defendant's Acceptance of Responsibility

5. The defendant expressed an early interest in entering into a plea. Indeed, the parties entered into a plea agreement without having to indict the defendant. Because of the defendant's early acceptance of responsibility, also pursuant to the plea agreement, the United States was able to conserve valuable prosecution resources and the defendant is entitled to a two-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines. For these reasons, the United States respectfully moves the Court to award the defendant a three point reduction for acceptance of responsibility.

## Memorandum in Aid of Sentencing

6. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted responsibility for bank embezzlement, in violation of 18 U.S.C. § 656. The base offense level is 6, and because the loss exceeded $10,000, but was less than $30,000, the base offense level is enhanced four levels for a total of ten. Finally, in the event that the Court grants the two-point reduction, the defendant's offense level will be 8. The defendant criminal history category is I. Accordingly, pursuant to the sentencing guidelines, the defendant's potential sentence is zero to six months. The government is, pursuant to the terms of the plea agreement in this case, recommending that the defendant be sentenced to time served and placed on supervised release.

7. Because this is a Class B felony, the defendant is not eligible for probation. See 18 U.S.C. § 3561(a)(1). Thus, the defendant must be incarcerated for some period of time. The defendant was in the custody of the United States Federal Bureau of Investigation for one day and it is the United States' recommendation, in light of the unique facts of this case, that the defendant be sentenced to time served.

8. According to the PSR, the defendant does not have a criminal record. Similarly, the defendant does have an employment record and it appears that the defendant can be a productive member of society.

9. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: The offense

of bank embezzlement by an employee of a bank is a very serious offense. However, the defendant does not have a criminal record and the bank was the only party to suffer a loss. Moreover, when confronted, the defendant confessed and provided a detailed written statement to the investigators and entered into a preindictment plea.

(b). The seriousness of the offense and the need to promote respect for the law and punishment: The punishment of having been in custody for one day and having a federal felony conviction on defendant's record is sufficient punishment given the unique circumstances of this case.

(c). Potential deterrence: The United States hopes that the defendant, in light of how perilously close she came to spending a significant period of time in prison, will be deterred from engaging this sort of behavior in the future.

(d). Protecting the public: The defendant does not appear to be a physical danger to the public and a felony conviction for embezzlement should prevent her from obtaining employment where she can engage in similar conduct.

(e). The needs of the rehabilitative needs of the defendant: There are none.


///


///


///

11. In conclusion, the PSR includes 2 level victim related enhancement on the theory that the victim in this matter was Ms. Cropper and that Ms. Cropper was a vulnerable victim in light of her age. The United States, in light of the highly unique circumstances of this case, does not believe that such an adjustment is warranted. The victim in this case was actually the bank, and Ms. Cropper did not sustain any loss. Further, the investigation and record did not uncover any evidence suggesting that Ms. Cropper was targeted, or that the offense was easier to commit, because of her age. Therefore, the Court should not increase the offense level by two as suggested in the PSR.

Respectfully,
JEFFREY A. TAYLOR
United States Attorney


By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010