THE HONORABLE GLADYS KESSLER, UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06CR0266</u> |
| | : | |
| vs. | : | |
| | : | |
| Erica Janifer | | Disclosure Date: November 7, 2006 |

**FILED**

DEC 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSI) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _11-14-06_____
Assistant U.S. Attorney            Date

#### For the Defendant

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____    _____
Defendant       Date                Defense Counsel       Date

#### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by November 22, 2006, to U.S. Probation Officer <u>Sherry Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(f)(2), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT
By: Gennine A. Hagar, Acting Chief
United States Probation Officer



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 14, 2006

<u>Via Telefax</u>

Sherry Brandon
United States Probation Officer
United States Probation Office
   for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

   Re: <u>United States v. Erica Janifer</u>
       <u>Case No. 06-266</u>

Dear Ms. Brandon:

   Please find attached hereto the Receipt and Acknowledgment of Presentence Investigation Report executed by the United States. As noted on the attached form, the United States believes that there are material inaccuracies in the Presentence Report Investigation (PSI). The United States respectfully proposes that the following amendments be made to the PSI:

   1. In Paragraph 17, the defendant's offense level is adjusted upward two levels for a Victim Related Adjustment in accordance with § 3A1.1 of the United States Sentencing Guidelines. The United States, in light of the unique facts and circumstances of this case, does not believe that such an adjustment is warranted. The loss is this case was sustained by Wachovia Bank. Although the funds were initially taken from Odessa Cropper's accounts, Wachovia Bank reimbursed the funds as soon as the defendant's conduct was discovered. Thus, Ms. Cropper, as well as her estate after she passed away, did not sustain a loss. There is nothing in the record, and nothing was discovered during the course of the government's investigation, which established that Ms. Cropper was targeted because of her age. It also does not appear that the potential for successfully committing the offense was enhanced because of Ms. Cropper's age. Indeed, Ms. Cropper was typically accompanied by a family member and it appears that the defendant conducted the relevant transactions while allowing Ms. Cropper and her family member to sit at a desk, as a courtesy. Therefore, a victim related adjustment is not warranted.

2. In Paragraph 18, the defendant's offense level is adjusted upward two levels for an Adjustment for Role in the Offense pursuant to § 3B1.3 of the United States Sentencing Guidelines. The United States, in light of the unique facts and circumstances of this case, does not believe that such an adjustment is warranted. Although the defendant was employed at Wachovia Bank as a Customer Relations Manager, the facts of this case suggest that the offense is more analogous to a bank teller who embezzles funds from an account, which does not warrant an adjustment under this section. See § 3B1.3 U.S.S.G., Application Note 1. The United States recognizes that there is case law to the contrary. See, e.g., United States v. Broumas, 69 F.3d 1178 (D.C. Cir. 1995). Here, the defendant's offense involved conducting relatively straightforward deposits, withdrawals and transfers that most, if not all, bank tellers are competent to perform. These transaction also did not involve any authority that was relegated to managerial employees. Thus, there is nothing in the record to suggest that the defendant was able to conduct the offense due to a fiduciary relationship with Ms. Cropper or because of any discretion vested in the defendant. Therefore, the United States would not be able to establish that the offense was made easier because of the defendant's position, an adjustment for the defendant's role in the offense is not warranted.

For the foregoing reasons, the United States believes that the defendant's offense level in the PSI should be adjusted downward for a subtotal of 10 in Paragraph 21. Please do not hesitate to contact me at (202) 514-7533 if you have any questions or if I can provide any additional information.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: _____

MICHAEL T. TRUSCOTT
Assistant United States Attorney

cc: Anthony Miles
    Assistant Federal Public Defender

Page -2-